# IN THE SUPERIOR COURT OF GUAM

2014 MAR 20, PM 2:07

| | |
|---|---|
| KCI CORPORATION, | CIVIL CASE No. CV0214-08 |
| Plaintiff, | |
| v. | DECISION AND ORDER |
| SUNG MIN CHOI and KAREN YOUNG SOOK KIM, | |
| Defendants. | |
| SUNG MIN CHOI and KAREN YOUNG SOOK KIM, | |
| Third Party Plaintiff, | |
| v. | |
| GLOBAL REALTY and MIKE LEE, | |
| Third Party Defendants. | |

## INTRODUCTION

This matter came before the Honorable Vernon P. Perez on May 22 2013, on Defendants' Motion to Dismiss or In the Alternative, to Stay Proceedings to Add a Party Defendant. Attorney Louie J. Yanza represents the Defendants. Attorney Jehan'Ad G. Martinez represents the Plaintiffs and Attorney Phillip Torres represents the Third-Party Defendants. The Court took the matter under advisement. Having considered the parties' arguments and pleadings, the Court now issues the following Decision and Order.

## BACKGROUND

This litigation concerns an alleged real estate transaction previously contemplated by Plaintiff KCI and Defendants Mr. Sung Choi and Ms. Karen Kim ("Choi group"), with Brokers used as intermediaries. The property at issue is commonly known as the Top Plaza Building or the "I-Connect" building, located in Tamuning, Guam. In 1998, the Choi group was positioning itself to purchase the property. Unable to finance the purchase and development of the property

themselves, the Choi group entered into an agreement with two third parties not named in this lawsuit, Dian Hong Song and Zhi Xia Yang ("the Songs"), under which the Songs were to receive ownership of one half of the third floor of the completed building in return for services provided during construction. This agreement was formally memorialized on December 14, 1998.

The property was formally purchased in 2000 by the Choi group and title was placed only under the name of Sung Choi ("Mr. Choi"). On or about June 12, 2007, KCI issued an offer to purchase the property to Mr. Choi. Mr. Choi later tendered an acceptance. Karen Kim ("Ms. Kim") objected to the proposed sale. In October 2007, the Brokers advised the Choi group that that the deal had to go forward as previously agreed. Ms. Kim then went to the Brokers' office and complained. Subsequently Mr. Choi executed a deed of gift purporting to convey half ownership of the property to Ms. Kim, while retaining a one-half interest. The deed describes the rights enjoyed by both Mr. Choi and Ms. Kim as joint tenancy with rights of survivorship. The sale was never closed and KCI filed this action.

In its April 2010 Decision and Order addressing Motions for Summary Judgment, the Court raised the issue of mandatory joinder as the remedy sought by KCI would seemingly implicate the property interests of the Songs. The Court directed the parties to submit further briefing on this issue.

## DISCUSSION

At issue is whether the Songs must be joined in this action. Whether a party must be joined in an action is governed by Rule 19 of the Guam Rules of Civil Procedure ("GRCP"). A court must first determine whether a party is necessary under GRCP 19(a). *Agana Beach Condo. Homeowners Ass'n v. Monte Mafnas*, 2013 Guam 9 ¶ 57 (citing *Benavente v. Taitano*, 2006 Guam 15 ¶ 58). If so, then it must determine whether joinder is feasible. *Id.* ¶ 77. If joinder is feasible, the court shall order the necessary party to be joined. *Id.* If joinder is not feasible, then the court determines whether the party is indispensable. *Id.* Under GRCP 19(a), a party shall be joined to an action if:

> (1) in the person's absence complete relief cannot be accorded among those already parties, or
> (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may
>> (i) as a practical matter impair or impede the person's ability to protect that interest or

(ii) leave any doubt of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

If the person has not been so joined, the Court shall order that the person be made a party. If the person should be joined as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff.

GRCP 19(a). A party needs to meet only one of the above criteria to be considered a necessary party. *Benavente*, 2006 Guam 15 ¶ 58.

Under subsection (a)(1), an absentee's presence is required when "complete relief cannot be accorded among those already parties." GRCP 19 (a)(1). Defendants first assert that for any relief to be effective, the Songs must be joined as a necessary party, otherwise, any judgment or relief afforded to the Plaintiff may be upset by subsequent litigation by the Songs. Def's. Mot. pg. 10. In other words, Defendants argue that the absence of the Songs prevents complete relief from being awarded to the parties and also subjects Plaintiff to multiple or inconsistent judgments or liability. Def's. Mot. pg. 11. Plaintiff argues that since no other parties held title to the subject property, complete relief can be afforded between the parties already joined in the litigation. Pl's. Mot. pg 4.

Subsection (a)(1) calls for the Court to consider the relief between the current parties. "Under the express terms of the rule, the focus is on the relief between the parties to the present action, and not on the possibility of further litigation between a party and the absentee." *Benavente v. Taitano*, 2006 Guam 15 ¶ 48 (citing *Morgan Guar. Trust Co. v. Martin*, 446 F.2d 593, 598 (7th Cir. 1972). Thus, for the Court to find that complete relief can be afforded to the current parties, it would have to agree with Plaintiff that no other parties, not even the Songs, held title to or had any interest in the subject property. However, Defendants claim, under subsection (a)(2), that the Songs do, in fact, have an interest in the subject property. Therefore, the Court finds that the more apposite issue in this matter is relative to subsection (a)(2)—

whether the Songs claim an interest relating to the subject of the action and are so situated that disposition of this action may as a practical matter impair or impede their ability to protect that interest.[1]

Under subsection (a)(2)(i), an absentee's presence is required for just adjudication when the absentee claims an interest relating to the subject of the action, and a disposition of the action, without the absentee may "(i) as a practical matter impair or impede the person's ability to protect that interest." The resulting inquiry is twofold: "first, what are the absentee's interests, if any; and second, as a practical matter, will a judgment impair or impede the absentee's ability to protect that interest." *Benavente v. Taitano*, 2006 Guam 15 ¶ 62. "The purpose of Rule 19(a)(2)(i) is to protect the legitimate interest of absent parties." *Id.* (citing *United States ex rel. Morongo Band of Mission Indians v. Rose*, 34 F.3d 901, 908 (9th Cir. 1994). The Supreme Court of Guam recognized that other jurisdictions arrive at different interpretations of the "interest" that subsection (a)(2)(i) was designed to protect. On the one hand, some courts have held that such interest must be a "legally protected interest." *Id.* ¶ 63 (citing *Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216, 230 (3rd Cir. 2005). On the other hand, some courts have held that the absentees need only "claim an interest" in the subject matter of the litigation. *Id.* ¶ 64. The Supreme Court in *Benavente*, held that the absentee showed an interest in the subject matter of litigation, but the Court did not determine the precise nature of the asserted right. "[W]ith respect to impairment or impediment of [the asserted] right, the inquiry is practical as opposed to theoretical." *Agana Beach v. Mafnas*, 2013 Guam 9 ¶ 67. "Joinder will be insisted upon if the action *might* detrimentally affect a party's or the absentee's ability to protect his property or to prosecute or defend any subsequent litigation in which the absentee might become

---

[1] The fact that Defendants, instead of the Songs, are asserting necessary joinder does not affect the Court's analysis. *See Agana Beach v. Mafnas*, 2013 Guam 9 ¶ 66 (holding that the absentee party does not necessarily have to be the one to claim an interest).

Decision and Order
CV0214-08; *KCI v. Sung Min Choi and Karen Young Sook Kim*

involved." 7 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, *Federal Practice and Procedure: Civil* § 1604 (3d ed. 2012).

Defendants first argue that the Songs have an ownership interest in the subject property by virtue of the 1998 Partnership Agreement, and that they may lose their interest in the property based on the claims to be presented at trial. The 1998 Partnership agreement basically states that the Songs shall provide labor, tools, forms, shoring jacks and scaffolding for the use of construction. *See* Partnership Agreement. The agreement further states that the Songs shall own one half of the third floor of the building. *Id.* Defendants also point out that the Songs' partial ownership of the property is made even more evident by the fact that Mr. Song signed what purported to be a settlement agreement prior to Mr. Choi's agreement to sell the property. Essentially Defendants argue that the Songs' interest in the property was substantial enough that Plaintiff's agent was aware that the Songs owned an interest in the property and further attempted to have the Songs settle before the purchase agreement was executed. *See* Def's. Mot. pg. 11.

Plaintiff argues that the Songs' purported interest in the property is merely speculative and not grounded in any legal basis. *See* Pl's. Opp. pg. 4. First, Plaintiff asserts that the 1998 Partnership Agreement is incapable of acting as an instrument of conveyance because it fails to conform with 21 GCA § 29148, which sets forth the requirements when instruments are offered for filing with the registrar which affects registered land. *See* 21 GCA § 29148. Secondly, Plaintiff argues that insomuch as the 1998 Partnership Agreement purports to convey a severed interest in the building, it does not comply with the requirements of the horizontal property act, which operates to separate property into "apartments" and common elements. *See* 21 GCA §§ 45104 and 45106. As a result, Plaintiff asserts that no property interests were severed from the building and the Songs have no legal interest in the property. Next, Plaintiff argues that the 1998

Partnership Agreement fails to operate as a Mechanic's Lien, if that is what was intended, as the document fails to comply with the requirements for Mechanic's Liens under 7 GCA § 33302. Lastly, Plaintiff argues that even if the partnership owned the property, Mr. Choi's conveyance of the property in his own name binds the partnership because Mr. Choi was an agent.

The Court is not convinced that Plaintiff's legal conclusions necessarily preclude joinder of the Songs. Plaintiff's arguments further their position that the Songs lack any legal interest in the property. As discussed above, the Guam Supreme Court adopted the notion that "[j]oinder will be insisted upon if the action *might* detrimentally affect . . . the absentee's ability to protect his property . . . ." *Agana Beach v. Mafnas*, 2013 Guam 9 ¶ 67. The Court construes this language as giving Rule 19 broader application than that given by Plaintiff. In its April 2010 Decision and Order, the Court recognized that the Songs, by all accounts, have been for over a decade the purported owners of a 1/6 interest in the building at issue in this case. The Court also recognizes that the 2007 document, which purports to be a Settlement Agreement, could arguably have imputed notice upon Plaintiff of any of interest in the property that the Songs may possess. *See* Def's. Ex. B. The Court concludes that the evidence is sufficient for a determination that the action *might* detrimentally affect the Songs' ability to protect their property or to prosecute or defend any subsequent litigation in which the Songs' might become involved. For example, if the Court awarded specific performance, the Songs could stand to lose their interest in the property. On that basis, the Court finds that the Songs are a necessary party.

Global Realty and Mike Lee, as Third Party Defendants ("TPD"), joined in Plaintiff's Opposition to Defendants' Rule 19 Motion. TPD cites to *Hamilton v. Bradford*, 502 F. Supp. 822 (1980), where a court held that Rule 19 did not require the joinder of a third party. The Court finds the facts of *Hamilton* distinguishable from the facts of the instant case. In *Hamilton*, the plaintiff brought an action against three defendants who were all siblings. The plaintiff

alleged that he entered into a contract with defendants for the purchase of certain real property, and that the defendants breached their agreement with plaintiff and subsequently negotiated the sale of the property to a third party, who at all times had knowledge of the contract between plaintiff and defendants. *Id.* at 825. The court considered to what extent granting specific performance would abrogate any possible contractual rights of the third-party. The court ultimately held that the third party was not necessary to the action as it "would not be denied any right of action that he may desire to pursue because this action will not be res judicata of any action at law that he may elect." *Id.* at 833.

In the present case, the Defendants assert that the Songs have, at the very least have an equitable interest in the subject property, which they have held for over a decade. The Court is convinced that the *claimed interest* in the present case is distinct from any possible contractual rights the third-party may have had in *Hamilton*. Furthermore, the Guam Supreme Court held that "even where a judgment would not be preclusive, it may impair a party's right if it reduces the probability of winning a subsequent lawsuit or places that party in a less favorable position." *Agana Beach v. Mafnas*, 2013 Guam 9, ¶ 67.

TPD also cites to *Bethell v. Peace*, 441 F.2d 495 (1971) for the proposition that the Songs are not necessary to this action. In *Bethell*, a successor in title to one of six co-owners who signed an agreement to sell foreign realty brought suit against the broker who persuaded all but one of seven co-owners to sell the property. *Bethell v. Peace*, 441 F.2d 495, (1971) The district court declared the contract invalid. *Id.* at 496. On appeal defendant broker alleged, among other things, that all co-owners who signed the agreement were indispensable party plaintiffs. The main distinction in *Bethel* was that defendant sought to join all co-owners who *signed* the agreement, without regard for one non-signatory co-owner. *Id.* The Court determined that defendant's interests would not have been injured by a failure to join the non-signatory co-owner

because defendant was "willing to purchase less than the entire ownership interest." *Id.* at 497. In the present case, Plaintiff seeks to purchase the *entire* property. Thus, the Court finds *Bethel* inapplicable to the facts of the instant case.

Because the Court finds that the Songs' claimed interests render them necessary to this action, the Court must next determine whether joinder is feasible. "Federal courts have considered joinder infeasible in three situations: when venue is improper, when the absentee is not subject to personal jurisdiction, and when joinder would destroy subject matter jurisdiction." *Agana Beach v. Mafnas*, 2013 Guam 9, ¶ 67. The subject property is situated on Guam and thus gives rise to service of process. Further, the Court is not aware of any reason that the addition of the Songs would harm the Court's jurisdiction. Accordingly, because the Songs are necessary parties and there is no reason apparent as to why joinder is not feasible, the Court need not consider whether, under Rule 19(b), the Songs are indispensable.

Finally, pursuant to Rule 19(a), "[i]f the person has not been so joined, the court shall order that the person be made a party." GRCP 19(a). To minimize any further delays, the Court declines to stay the proceedings and instead orders that the Songs be joined in this action.

## CONCLUSION

Based on the foregoing reasons, the Court DENIES Defendants' Motion to Dismiss, or in the alternative to Stay Proceedings to allow Plaintiff time to add the Songs as party Defendants. The Court, instead, ORDERS Plaintiff to join the Songs.

**IT IS SO ORDERED** this day of March 20, 2014.

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of:

J. Martin, P. Jones,
L. Yana

Date: 3/20/14 Time: 2:30pm

Deputy Clerk, Superior Court of Guam

_____
HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam